IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-302-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JONATHAN LEIGH SULLIVAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on the government's motion for a restraining order pursuant to the All Writs Act (DE #57). Defendant did not file a response to the government's motion. The matter was referred to United States Magistrate Judge Robert B. Jones, who entered a memorandum and recommendation ("M&R") wherein it was recommended that the government's motion be granted in part and denied in part. Defendant timely filed an objection to the M&R, to which the government has responded. In this posture, the issues raised are ripe for review. For the reasons that follow, the court adopts the M&R in full and accordingly the government's motion is granted in part and denied in part.

## STATEMENT OF THE CASE

Defendant Jonathan Leigh Sullivan was indicted on eleven counts of manufacturing child pornography in violation of 18 U.S.C. § 2251(a) and (d), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On June 10, 2010, defendant entered a plea of not guilty to the charges in the indictment. Defendant's jury trial began on August 9, 2010. On August 10, 2010, defendant changed his plea and entered a plea of guilty to all counts contained in

the indictment. Defendant's plea was accepted by the district court. Defendant is awaiting sentencing, which is currently scheduled for January 21, 2011, before the undersigned.

On September 20, 2010, the government filed the instant motion for a restraining order, seeking to restrain defendant, his agents and assigns from the dissipation or transfer of assets pursuant to the All Writs Act, 28 U.S.C. § 1651. The government seeks to ensure the availability of assets for an anticipated order of restitution in connection with defendant's sentence. Specifically, the government seeks an order prohibiting defendant and his agents, including his attorney-in-fact Vinson Ray Little ("Little"), and anyone acting on defendant's behalf, from disposing of assets in which defendant has an interest or from taking any action which would diminish the value of property in their possession or control. Further, the government also requests that defendant and Little make a complete disclosure of defendant's assets and provide an accounting of all property under their control within the past two years, including a description, location and value of each asset. The government requests that the restraining order be in effect from the date of its entry until the conclusion of defendant's sentencing hearing.

On November 5, 2010, the magistrate judge conducted a hearing on the government's motion to further develop the record. At the hearing, the government presented the testimony of Agent Mary Catherine Glenn Aldridge ("Aldridge") of the Immigration and Customs Enforcement ("ICE") and Agent Eric Hicks ("Hicks") of the North Carolina State Bureau of Investigation Computer Crimes Unit ("NCSBI"). Defendant was present with counsel at the hearing but presented no testimony. Counsel for the government advised the court that it had made efforts to secure the testimony of Little for the hearing, but was not able to locate him after several attempts.

2

## STATEMENT OF THE FACTS

A.    Testimony of Agent Aldridge

Agent Aldridge testified that she had a conversation with the grandmother of the minor victim ("the grandmother"). After their conversation, Aldridge, Hicks, and an assistant United States attorney visited the grandmother. The grandmother produced two handwritten letters addressed to her from an individual named Ray Little. Aldridge identified the two letters, dated July 5, 2010, and May 21, 2010, as government's exhibits one and two, respectively. In the letter of July 5, 2010, Ray Little describes himself as an attorney and indicates that he has the Power of Attorney over defendant's estate. Further, Little requests that the grandmother send to Little the defendant's drivers license so that Little may cash a check. The letter states that defendant had instructed Little to pay defendant's debts and that defendant wanted Little to send the grandmother $3,000. Aldridge subsequently traveled to Williamston, North Carolina in an attempt to locate Little. Aldridge ultimately found Little at the Martin County Courthouse, where Little was in the process of filing the Power of Attorney ("POA") in the Register of Deeds office. Aldridge identified as government exhibit three the POA Little filed in the Martin County Register of Deeds. Over the objection of counsel,[1] Aldridge testified further that she spoke to Little and advised him to stop attempting to cash the check, and that Little responded he would do so.

B.    Testimony of Agent Hicks

Agent Hicks testified that he accompanied Agent Aldridge to speak to the grandmother regarding the two letters she had received. As a result of that meeting, Agent Hicks traveled to

---

[1] Defense counsel objected to the testimony regarding statements made by Little on the grounds of hearsay. The court allowed this testimony, but reserved ruling as to its admissibility.

Martin County in an attempt to locate Little and learn Little's involvement with defendant. On July 21, 2010, Agent Hicks interviewed Little at the Martin County Probation office. At the commencement of the interview, Agent Hicks advised Little that he was not under arrest and that Little had no obligation to speak to him, to which Little responded he would willingly speak to Agent Hicks.

During the interview, Little indicated that he had met defendant while the two were incarcerated at the Wake County Jail in December 2009. Agent Hicks did not independently verify that Little was in fact incarcerated at the Wake County Jail at that time, and admits that Little could have met defendant some other way. According to Agent Hicks, Little and defendant agreed that Little would act as defendant's attorney-in-fact to pay defendant's bills.

Agent Hicks further testified that Little admitted writing the letters to the grandmother and admitted lying to her about being an attorney. According to the testimony, Little said that he sent the letters to the grandmother because Little needed defendant's drivers license to cash a check in the amount of $26,690.19 that was payable to defendant. During the interview, Little showed Agent Hicks a copy of a voided check payable to defendant in the amount of $26,690.19 issued by TIAA-CREF. Agent Hicks received the original check from Chief Deputy Manning of the Martin County Sheriff's Department. According to Agent Hicks, Manning had received the check from Little's attorney to whom Little had given the check in an attempt to cash through an escrow account. Little told Agent Hicks that if he had been able to cash the checks, he would have given some money to the grandmother but would not say whether he would keep some for himself. Agent Hicks advised Little to cease attempts to access defendant's assets so that assets would be available for any award given to the victim. Agent Hicks has had no further contact with Little, nor has he been contacted

4

by the grandmother or any financial institution regarding anyone trying to access defendant's assets.

Little further told Agent Hicks that in July 2010, he had contacted defendant while defendant was in pretrial detention in the Pitt County Jail in an attempt to obtain defendant's signature on the POA. Little stated further that he did not meet with defendant but that he provided the POA to a guard who then provided it to defendant for signature. The POA was notarized outside defendant's presence on July 23, 2010, two days after Little said he visited the jail.

C. Availability of Ray Little

Counsel for the government stated that the government had made efforts to serve Little with process for the purpose of producing him as a witness at the hearing. The United States Marshal was working in conjunction with Little's state probation officer to coordinate service of process on Little. According to the government, the probation officer knocked on the door at Little's residence but was unable to locate him. The probation officer left a written notice directing Little to appear at the probation office but Little failed to appear. The Process Return and Receipt filed on November 10, 2010 indicates attempts on three separate occasions to serve Little with a subpoena to appear at the November 5, 2010 hearing. Counsel stated further that outstanding state court arrest warrants exist which have gone unserved on Little. A notation on the Process Return and Receipt states that a warrant has been issued for little and he "will most likely not appear on 11/5/10."

## DISCUSSION

A. Standard of Review

This matter is before the court with benefit of the magistrate judge's M&R. The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed.

28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B. Analysis

    1. The testimony of statements made by Ray Little are admissible

The government asserts that defendant is attempting to dissipate assets for the purpose of defrauding the United States through the actions of Ray Little. In support of its proposition, the government presented testimony from Agents Hicks and Aldridge concerning their conversations with Little on July 21, 2010 at the Martin County Probation Office regarding Little's alleged attempt to cash a check payable to defendant in the amount of $26,690.19. Agents Hicks and Aldridge further testified to Little's recordation of a general POA with the Martin County Register of Deeds wherein defendant purportedly identified Little as defendant's attorney-in-fact. After observing the testimony of Agents Hicks and Aldridge at the hearing and assessing their demeanor under direct and cross examination, the magistrate judge found their testimony to be credible and consistent, and the court adopts the magistrate judge's conclusion as to the witness' credibility. See United States v. Stevenson, 396 F.3d 538, 542-43 (4th Cir. 2005) (noting that assessing the credibility of witnesses is the province of the district court).

6

The government conceded that the agents' testimony regarding statements made by Little is hearsay, however contended that the "statement against interest"exception to the hearsay rule applied to permit the admission of Little's statements through the testimony of the agents. The magistrate judge concluded that the testimony regarding Little's statements was admissible under that exception, to which conclusion the defendant has not objected.

For a hearsay statement to be admissible as a statement against interest under Rule 804(b)(3), the declarant must be unavailable. A witness is "unavailable" for purposes of the exception if he is "absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." Fed. R. Evid. 804(a)(5). A showing that reasonable, good-faith efforts were made to locate the witness is required to establish that a declarant is unavailable. See United States v. Thomas, 705 F.2d 709, 712 (4th Cir. 1983) (finding that the government's attempt to locate witnesses through service of process was reasonable). Here, the government has shown that upon receiving notice of the hearing set for November 5, 2010, the government issued a form requesting service of process by the U.S. Marshal and that it assisted the Marshal in contacting Little's state probation officer to discover Little's location. Service of process was made to the same address as that identified by Little in his letters to the grandmother. The U.S. Marshal, however, was unable to locate Little. The court is satisfied that the government made a reasonable attempt to procure Little's attendance at the hearing, and that Little was therefore unavailable.

Further, to be admissible as a statement against interest, the unavailable declarant's statement must be one that "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or

7

pecuniary interest . . . [as] to expose the declarant to civil or criminal liability." Fed. R. Evid. 804(b)(3). Here, Little's statements are adverse because they potentially subject Little to criminal liability for attempting to cash a check through fraudulent means. Little acknowledged that in attempting to obtain defendant's driver's license, Little in June 2010 advised the grandmother that he was defendant's attorney and that he had power of attorney over defendant's estate. The POA executed by defendant appointing Little as defendant's attorney in fact did not exist until July 2010. Since Little's statement could subject Little to criminal liability, the court concludes that his statements were against interest and that therefore the testimony of the agents regarding those statements is admissible pursuant to Rule 804(b)(3).

2.   Defendant is temporarily restrained from disposing of assets

The government moves pursuant to the All Writs Act ("the Act"), seeking an order in part restraining defendant from disposing of assets until he is sentenced by this court in the underlying criminal case. Defendant's sentencing is currently scheduled for January 21, 2011.

The Act provides in pertinent part that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act provides the court with a "legislatively approved source of procedural instruments designed to achieve the rational ends of law" and permits a federal court to "avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." United States v. New York Tel. Co., 434 U.S. 159, 172-73 (1977). A district court's power under the Act includes the power to enjoin or bind non-parties. Id. at 174; United States v. Abdelhadi, 327 F.Supp.2d 587, 599 (E.D. Va. 2004).

8

The government seeks an order that would restrain defendant and others from dissipating defendant's assets prior to defendant's sentencing. Defendant has pled guilty to all counts of manufacturing child pornography and possession of child pornography contained in the indictment against him. Although the court has yet to sentence defendant, defendant will undoubtedly be subject to restitution pursuant to 18 U.S.C. § 2259, which mandates that the court shall order restitution for crimes involving sexual exploitation and other abuse of children. The government argues that an order restraining the dissipation of defendant's assets is necessary in this case to preserve defendant's assets for restitution.

District courts within the Fourth Circuit have often issued orders pursuant to the Act restraining a defendant's ability to dispose of assets in order to ensure the satisfaction of an order to pay restitution or fines. See, e.g. United States v. Runnels, 335 F. Supp. 2d 724, 725-26 (E.D. Va. 2004) (restraining defendants and their agents from diverting funds to avoid paying restitution); Abdelhadi, 327 F. Supp. 2d at 598-99 (issuing restraining order to ensure the future availability of assets to satisfy restitution). In United States v. Gates, the district court issued an order prohibiting the convicted defendant from disposing of assets prior to sentencing. 777 F. Supp. 1294, 1295 (E.D. Va. 1991). In that case, the district court concluded that because restitution was certain, "the court was merely assuring that assets available at the time of conviction would remain so until sentencing, so that the court could properly assess costs and fines under the sentencing guidelines and applicable statutes." Id. at 1295. The court observed that without the authority to order a defendant not to dispose of his assets prior to sentencing, a trial court is without "meaningful ability" to impose a proper sentence. Id. at 1296, n. 7.

Here, defendant has pled guilty to all counts of the indictment charging him with the

9

manufacturing and possession of child pornography. Restitution is mandatory pursuant to 18 U.S.C. § 2259, and a restitution order is imminent as defendant is scheduled for sentencing next month. The government has presented evidence that defendant entered into an agreement with a third party, Little, to attempt to have Little dispose of certain of defendant's assets. The government has offered evidence that, in furtherance of this agreement, defendant executed a POA in favor of Little, authorizing Little to manage and dispose of defendant's assets. Even before the POA was in effect, Little contacted the victim's relative, falsely representing himself as an attorney, in an attempt to obtain the identification needed to cash a check for a substantial sum that was in Little's possession. Little apparently planned to keep a portion of the funds for himself.

On these facts, the magistrate judge concluded that an order restraining defendant, his representatives, nominees, attorneys, agents, family members, and assigns from dissipating defendant's assets was appropriate, and recommended that the court issue such an order. While explicitly admitting that the court has the authority to issue such an order, defendant objected to the magistrate judge's recommendation on two grounds: first, that the government has not adequately proven an agreement existed between defendant and Little, and second, that the government has not shown that a restraining order is necessary to ensure the future availability of defendant's assets to satisfy restitution.

Defendant first objects to the M&R arguing that the government has not adequately shown that an agreement to dissipate defendant's assets existed between defendant and Little. The court concludes that the government has offered sufficient evidence of such an agreement and accordingly overrules defendant's first objection. Two investigative agents testified as to interviews conducted with Little, who admitted obtaining a power of attorney from defendant as well as a check in

10

defendant's name for a substantial sum. Little admitted to soliciting help from the minor victim's grandmother to aid in cashing the check, and Little apparently planned to keep a portion of those funds. After the hearing at which the government presented this evidence, the magistrate judge concluded that the evidence was credible and reliable. Defendant, in the face of the government's proffered evidence, argues that the government has not sufficiently proven its theory yet presents no affirmative evidence to rebut the government's theory. The court is satisfied that sufficient evidence exists to support the conclusion that an agreement existed between defendant and Little whereby defendant would dissipate his assets with Little's assistance.

Defendant secondly objects to the M&R on the grounds that a restraining order is not necessary to ensure the availability of defendant's assets to satisfy restitution. Defendant readily admits that the court has the authority to issue a restraining order. However, defendant argues that the court should instead issue a different form of relief, such as an order prohibiting defendant from disposing of his assets "except as needed for personal necessities," as did the district court in Gates. The court concludes, however, that the exercise of its authority to issue a restraining order is appropriate in this case where the government has offered substantial evidence that defendant attempted to use a third party to dissipate his assets. A restraining order is necessary and appropriate in furtherance of the court's jurisdiction and authority to enter a mandatory restitution order in this case. Defendant's sentencing is scheduled for just a few weeks from now; moreover, defendant is currently incarcerated. Thus, his necessities of life are provided for and he does not have the same financial needs as a person in ordinary life. See Evans v. Croom, 650 F.2d 521, 523 (4th Cir. 1981). Finally, a provision in the court's order will allow access to defendant's assets with court approval upon notice to the United States and an opportunity for hearing.Defendant's second objection is

therefore overruled.

The court accordingly adopts the magistrate judge's recommendation and concludes that a restraining order should be issued to prevent defendant and others from dissipating defendant's assets prior to sentencing, as a necessary and appropriate exercise of the court's authority to ensure that defendant's assets are available to satisfy the mandatory and imminent restitution order.

3. Defendant is not ordered to provide additional disclosure of defendant's assets

In addition to the restraining order, the government further requests that defendant and Little be required to make full and complete disclosure of all of defendant's assets and provide a full accounting of all property under the control of either of them, or anyone else on behalf of defendant and all property transferred by him or at his direction within the past two years. The magistrate judge recommended that the government's motion in this respect be denied, as defendant will be required to provide an accounting of assets to the probation office in furtherance of the preparation of a presentence report, and indeed may have done so already. The requested accounting therefore would duplicate efforts which will be or have already been undertaken. The magistrate judge concluded that the accounting is not warranted under these circumstances, to which conclusion the government did not object. The court finds no error with the magistrate judge's recommendation in this respect and therefore adopts that portion of the M&R which recommended denying the request for an accounting of defendant's assets.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full.

Accordingly, the government's motion (DE #57) is GRANTED in part and DENIED in part.

It is hereby ORDERED that the defendant, Jonathan Leigh Sullivan, his representatives, nominees, attorneys, agents, family members, and assigns, which include, but are not limited to, his attorney in fact, Vinson Ray Little, be and are hereby restrained from selling, transferring, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this court, or removal from any checking, savings, or any other account, all or part of Jonathan Leigh Sullivan's interest, direct or indirect, in all property, real or personal, of Jonathan Leigh Sullivan, without prior approval of the court upon notice to the United States and an opportunity for the United States to be heard. The United States is hereby authorized to record a notice of *lis pendens* on any real property owned by Jonathan Leigh Sullivan, or in which he has a legal or equitable interest, or which is controlled by Jonathan Leigh Sullivan, or to file any other documents to ensure the property is preserved for restitution.

The property subject to this Order includes, but is not limited to, Jonathan Leigh Sullivan's legal or equitable interest, whether joint or exclusive, in any bank account, real property, currency, personal property, business entity or financial instrument and any property transferred by Jonathan Leigh Sullivan to anyone on his behalf.

It is hereby ordered that the accounts and other property of Jonathan Leigh Sullivan maintained at United States financial institutions be and the same are "frozen." The United States financial institutions are directed to prevent the transfer of funds out of any account, and are otherwise enjoined from transferring (by wire or otherwise), conveying or disposing of all monies or other property currently within any accounts or safe deposit boxes relating to Jonathan Leigh

Sullivan. In ordering the financial institutions to "freeze" all of the accounts, it is the intention of the court that the financial institutions shall not honor any demands by the correspondent banks to release any money nor shall the financial institutions honor any checks or negotiable instruments drawn on the accounts of the specific banks, if to do so would reduce the balance of the account below the "amount frozen."

It is directed that all United States financial institutions which maintain accounts identified herein shall immediately inform the government agents, who serve the certified copies of this Order, of the account balances on the date of service. The representative financial institutions are further directed to continue to receive and credit monies to the accounts of Jonathan Leigh Sullivan.

The court also directs that the United States serve a certified copy of this Order on the affected financial institutions.

The United States is authorized and directed to serve a copy of this order on Jonathan Leigh Sullivan and/or his counsel, and any other entity or individual that the government believes may be in control or possession of property of Jonathan Leigh Sullivan.

This Order shall remain in full force and effect until Jonathan Leigh Sullivan is sentenced by the court in the matter of *United States v. Jonathan Leigh Sullivan*, No. 5:09-CR-302-FL-1.

SO ORDERED, this the 27 day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

14