IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-302-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | SENTENCING MEMORANDUM |
| JONATHAN LEIGH SULLIVAN, ) | |
| Defendant. ) | |
| _____) | |

NOW COMES defendant Jonathan Leigh Sullivan, by undersigned counsel, and respectfully submits the following Sentencing Memorandum for the Court's consideration as it determines the appropriate sentence in his case.

## I. Introduction

On August 10, 2010 defendant Jonathan Sullivan entered guilty pleas during trial to eleven counts of manufacturing child pornography and one count of possessing child pornography. He is scheduled to be sentenced on January 21, 2011. Sullivan contends that a sentence within the advisory guideline range for his offenses would be greater than necessary to satisfy the statutory purposes of sentencing in 18 U.S.C. § 3553(a).

Following the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) making the Sentencing Guidelines advisory, and later reaffirmed in United States v. Gall, 552 U.S. 38 (2007) and United States v.

1

Kimbrough, 552 U.S. 85 (2007), a sentencing court shall impose a sentence that is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. 3553(a)(2). The sentencing court must still "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall, 552 U.S. at 49, and 18 U.S.C. § 3553(a) "still requires a court to give respectful consideration to the guidelines." Kimbrough, 552 U.S. at 570. After calculating the Guidelines range, however, the sentencing court must then decide whether a sentence within that range "serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). Sullivan urges the Court to find that, after analyzing the factors and the sentencing purposes of 3553(a), a sentence below the advisory Guideline range in his case would be sufficient to achieve the goals of sentencing.

**II. Discussion: 18 U.S.C. § 3553(a)**

A. 3553(a)(1) The nature and circumstances of the offense and the history and characteristics of the defendant

The nature of Jonathan Sullivan's offenses are egregious, particularly because he abused a 12 year old girl. Sullivan took advantage of the trust he developed with the victim while acting as her surrogate father. However, the offense, and Sullivan himself, present circumstances that distinguish this case from

2

other cases involving child exploitation.

At the outset, Sullivan's lack of any criminal history castS him in a more favorable light.  For all of his adult life, Sullivan never violated any laws more serious than traffic violations.  There are no prior convictions of a sexual deviant nature in Sullivan's past that foreshadow the crimes before the Court.  For this reason, Sullivan urges the Court to consider that his offenses are of an isolated nature, limited to only one victim, when weighing the proper sentence to impose.

In the context of his offenses, it is notable that investigators found no additional child pornography on Sullivan's computers during their investigation.  The only child pornography Sullivan had in his possession were the photographs he made of the victim on June 22, 2009, the date of his offense.  There is no evidence that Sullivan collected or distributed child pornography.  Sullivan's photos of the victim were part of a pattern of abuse not focused on the creation of child pornography.  Unlike many defendants charged and convicted with violating 18 U.S.C. §§ 2251(a) and 2252, Sullivan did not engage in his criminal conduct with the intention of disseminating the images he produced to a wider audience.

The United States Congress is particularly concerned with eliminating the interstate market for child pornography.  See Findings, Pub.L. 110-358, § 102, Oct. 8, 2008, 122 Stat. 4001;

3

Pub.L. 109-248, Title V, § 501, July 27, 2006, 120 Stat. 623. Child pornographers distribute images using the mail and internet, often to take part in a multi-billion dollar industry. 18 U.S.C. § 2251 targets those who would make such images in an effort to end the larger interstate market for child pornography. Jonathan Sullivan is guilty of producing child pornography with a camera that traveled in interstate commerce, and thus is guilty of violating 18 U.S.C. § 2251(a). But he did not distribute the photographs of the victim, and he did not attempt to profit from those photographs.

The explanation for Sullivan's crime can be traced not to a desire to create and distribute child pornography, but to the specifics of his relationship with the victim, the victim's grandmother, and Sullivan's own personality. Nothing can justify how Sullivan abused the victim. However, the context of his crime is an important consideration for the court as it weighs the first of the 3553(a) factors.

Jonathan Sullivan came to think of the victim as his own daughter. This relationship developed after the victim's guardian and grandmother moved in with Sullivan. Sullivan provided financial support for the victim and her grandmother. As time went on, he also began to provide support as a parent for the victim. This role became more pronounced for two important reasons: Theresa Dillard began suffering health problems that

4

made her less able to provide the necessary parenting for the victim; and in August 2008 Sullivan was laid off from his job at Duke University. Because of that lay-off, Sullivan could spend additional time with the victim. He was active in her education by assisting her with her homework and participating in parent-teacher conferences. Sullivan was particularly concerned about the victim's grades, and began working with her and her teachers to improve her school performance. Sullivan went as far as making Dillard and the victim the beneficiaries of his Tiaa-Cref retirement account.

During this same period, Sullivan faced significant stress in trying to meet his financial obligations. He was unable to find employment and began to rely on his retirement savings and credit cards to pay rent and other household expenses. Dillard's illness made her unable to make a significant financial contribution to the household. Sullivan's relationship with Dillard also began to suffer as her illness caused Dillard to spend a significant amount of time in bed.

It was during this time of great stress and frustration that Sullivan began to abuse the victim. While nothing Sullivan could tell the Court would justify his behavior, the stress from his financial problems and his deteriorating relationship with Dillard created an environment in which Sullivan's own insecurities began to manifest themselves in his relationship

5

with the victim. What began as benign attempts to impose discipline gradually morphed into abuse. Sullivan did not have a conscious intent to abuse the victim at the beginning of his relationship with Theresa Dillard. Rather his life circumstances compounded with his own insecurities and a misplaced love for the victim led Sullivan down a spiraling path that ended in the crimes before the Court.

Sullivan came to commit his crimes not from a starting point as a sexual predator, but as a man hoping to serve as a father to a young girl. He did not seek out the victim for the purpose of creating child pornography. Instead, he allowed himself to be overcome by frustration and insecurity to the great harm of a girl for whom he cared. Though his crimes are terrible, Sullivan is a different type of defendant than those who exploit children for financial gain in the child pornography industry.

Finally, when the Court analyzes Sullivan's history and characteristics, he asks that the Court consider his decision to plead guilty during trial, and his stipulation to the restitution amount for the victim, as some indication of his acknowledgment of his crimes and the harm he caused the victim. While Sullivan cannot repair the damage caused to the victim by his actions, he does recognize that he has caused unknowable harm. He wants his remaining assets to go to the victim to assist her in receiving as much help as possible to move on from this crime.

6

B.   3553(2) The need for the sentence imposed–

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The mandatory minimum sentence of fifteen years set forth by Congress for violating 18 U.S.C. § 2251(a) ensures that Sullivan will serve a significant prison sentence.  The mandatory minimum also reflects the seriousness of the offense as understood by Congress.  There is no doubt that the offenses to which Sullivan pleaded guilty are of a nature that require a lengthy prison sentence in order to provide just punishment and adequately deter criminal conduct.

As suggested above, however, Sullivan's crimes are anomalous when viewed in the context of his lack of a criminal history, and the absence of any evidence that he manufactured or collected other child pornography.  Given that Sullivan only committed these crimes because of his particular life situation at the time, the chance that he might commit future crimes is

7

diminished. For this reason the Court should focus its analysis on the seriousness of Sullivan's offense and what term of imprisonment provides just punishment, but should not place great weight on the need to prevent further crimes.

Sullivan will receive needed correctional treatment while in the Bureau of Prisons, and such correctional treatment could be accomplished in the fifteen year sentence required by statute. The most important concerns for the Court in applying the factors listed in 18 U.S.C. § 3553(a)(2) will be the seriousness of the offense, and what length of punishment is just in light of the seriousness of the offense. Sullivan contends that the seriousness of his offense is mitigated to some degree, as argued above, by the fact that he has never previously engaged in manufacturing, collecting, or disseminating child pornography. The pictures he took in this case were part of a pattern of abuse that, while serious, does not amount to the kind of mercenary exploitation of children typically associated with child pornography.

C. 18 U.S.C. § 3553(a)(3) The kind of sentence available; 3553(a)(4) the kinds of sentence and the sentencing range established by the sentencing guidelines

The Court must impose a sentence of imprisonment of at least fifteen years but not more than 30 years. 18 U.S.C. § 2251(e). The applicable guideline range for Counts 1 through 11 is between

8

324 and 360 months of imprisonment.  The guideline range for Count 12 is 120 months, as is the maximum term of imprisonment set by statute.  18 U.S.C. § 2252(b)(2).

Sullivan asks that the court consider the advisory guideline sentence for Counts 1 through 12 to be greater than necessary to fulfill the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  He asks that the court distinguish him as an offender from other defendants who manufacture child pornography for monetary gain, and who exploit multiple victims.

D.  18 U.S.C. § 3553(a)(7) The need to provide restitution to any victims of the offense.

Jonathan Sullivan readily agrees that all of his assets should be used to provide restitution to the victim. He has agreed to stipulate that a figure equal to his current assets should be ordered as restitution in this case in an attempt to avoid an prolonged hearing before the Court to establish the appropriate restitution amount.  Imposing a sentence within the advisory guideline range in this case does not help satisfy the need for the victim to receive adequate restitution.

**III. Conclusion**

For the foregoing reasons, defendant Jonathan Sullivan respectfully requests that the Court find that a sentence below the advisory Sentencing Guideline range would be sufficient to comply with the purposes of sentencing set forth in 18 U.S.C. §

9

3553(a).

Respectfully submitted this the 14th day of January, 2011.

/s/ G. Ryan Willis
G. Ryan Willis
N.C. Bar No. 33004
727 W. Hargett St., Ste 805
Raleigh, NC 27601
P.O. Box 2058
Raleigh, NC 27602
Telephone: (919) 834-8635
Fax: (919) 834-9105
Email: gryanwillis@gmail.com
Attorney for defendant
Appointed

10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Joe Exum, Jr.
Assistant United States Attorney
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601

by electronic filing through the U.S. Clerk's Office CM/ECF system.

This the 14th day of January, 2011.

/s/ G. Ryan Willis

G. Ryan Willis, Attorney at Law
Attorney for Defendant
Post Office Box 2058
Raleigh, North Carolina 27602-2058
19 West Hargett St.
Suite 805
Raleigh, North Carolina 27601
gryanwillis@gmail.com
Telephone: (919) 834-8635
Fax: (919) 834-9105
NC State Bar #33004
Appointed